**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DERRICK L. BAIN,                )
                                )
           Plaintiff,           )
                                )
v.                              )   Case No. CIV-10-377-KEW
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social          )
Security Administration,        )
                                )
           Defendant.           )

**OPINION AND ORDER**

Plaintiff Derrick L. Bain (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42

U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 15, 1964 and was 45 years old at the time of the ALJ's decision. Claimant completed his high school education and took approximately one year of college. Claimant worked in the past as a cook. Claimant alleges an inability to work beginning March 5, 2007 due to limitations resulting from

degenerative disc disease.

## Procedural History

On March 5, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 27, 2009, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On December 16, 2009, the ALJ issued an unfavorable decision. On August 19, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to find Claimant's condition meets a listing; (2) failing to perform a

proper step 5 analysis; and (3) failing to perform a proper credibility analysis.

## Listing § 1.04A

Claimant contends the ALJ failed to analyze the medical evidence to determine whether Claimant met Listing § 1.04A. In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, depression, and low IQ. (Tr. 17). He concluded Claimant could perform light work except that he could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk at least 6 hours out of an 8 hour workday, sit at least 6 hours in an 8 hour workday, occasionally stoop and avoid work above shoulder level, and perform only simple and repetitive tasks with only incidental contact with the public. (Tr. 18). Based upon this RFC and the testimony of a vocational expert, the ALJ found Claimant could perform the jobs of housekeeper and bench assembler. (Tr. 25).

Claimant contends the ALJ only evaluated him for meeting Listing § 12.04 but should have also evaluated him for meeting Listing § 1.04A. Listing 1.04A requires certain factual findings be present, in stating:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root

(including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . .

20 C.F.R. Pt. 404, Subpt. P, App. I § 1.04A.

For a claimant to demonstrate that an impairment meets a listing, "it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

The medical evidence reveals Claimant suffers from foramen stenosis and cervical radiculopathy. (Tr. 183). A degenerated disc was found at C5-6. The disc spaces narrowed with osteophytes anteriorly and circumferentially with projection of osteophytes dorsally. Foramina stenosis on the left side of C5-6 was also noted. Claimant also was found to have hypertrophy of articular processes with normal alignment and no fractures. (Tr. 197).

In an MRI from June 1, 2007, Claimant was diagnosed with mild cervical kyphosis, mild to moderate degenerative disc disease at C4-5, C5-6, and C6-7, ventral extradural defects at C4-5, C5-6, and C6-7 compatible with a combination of annular disc bulging and ventral bony ridging extending into uncovertebral joint spurs bilaterally.

At C4-5, there was a focal asymmetric extradural defect extending right to midline suggestive of right paramedian disc protrusion abutting the exiting nerve root. At C5-6, the canal was narrowed to approximately 8 mm with bilateral neural exiting foraminal stenosis due to bony ridging and uncovertebral joint spurring. At C6-7, the canal was also narrowed to 8-9 mm with minimal cord compression but no cord myelomalacia. No extruded disc fragments were noted. Further, the craniocervical junction was normal and there was no pathologic marrow signal intensity arising from the vertebral bodies that would suggest bony metastatic disease or healing trauma. (Tr. 232).

Sufficient evidence exists in the record to suggest that Claimant might meet Listing § 1.04A, although some question as to whether Claimant suffers from nerve root compression is present. The ALJ should have evaluated Claimant's condition under this Listing. On remand, the ALJ shall do so.

### Step Five Analysis

Claimant also contends the ALJ posed faulty hypothetical questions to the vocational expert because they did not include a hand limitation. The medical record to which Claimant refers largely indicates reduced strength from his shoulder injury. (Tr. 123, 181, 235-36, 252, 284, 328, 331, 377, 389, 409-10). Some

reduction in grip strength was noted in a record from April 16, 2007. (Tr. 138). Additionally, Claimant attaches a report from Dr. Jimmie W. Taylor from a consultative examination on May 3, 2007 to his initial brief. (Exhibit "A" to Plaintiff's Opening Brief filed March 9, 2012). No explanation is made as to why this report is not contained in the medical record submitted by Defendant and Defendant does not reference this report in its responsive brief or object to its consideration by this Court in this appeal. Dr. Taylor found Claimant's grip strength to be 3/5, bilaterally. His dexterity is noted at 5/5, bilaterally, with Dr. Taylor stating that "patient can handle small objects adequately except for weak grip." Claimant suggests that the jobs identified by the vocational expert require significant handling and manipulation which would be precluded by his limitations. This Court is unclear as to whether reduced grip strength when his dexterity and manipulative ability is not compromised would eliminate the jobs identified by the vocational expert. Since the ALJ did not present the possibility of reduced grip strength or apparently Dr. Taylor's report, the matter should be reconsidered on remand.

## Credibility Analysis

Claimant challenges the ALJ's use of "boilerplate" language to call into question Claimant's credibility. It is well-established

that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give

reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ is not clear as to which statements within Claimant's testimony he considers suspect and which he will accept. On remand, the ALJ shall reassess Claimant's statements and specifically set forth those which he considers to be not supported by the medical record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 24th day of July, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE